118 U.S. 507 (1886)
THE SCOTLAND.
DYER & Others
v.
NATIONAL STEAM NAVIGATION COMPANY.
Supreme Court of United States.
Argued March 12, 13, 1885.
Reargued October 20, 21, 1885.
Decided May 10, 1886.
APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF NEW YORK.
*509 Mr. E.N. Taft for appellant.
Mr. James C. Carter for appellants.
Mr. C.R. Ingersoll, counsel for appellants.
Mr. Harrington Putnam and Mr. James K. Hill on behalf of Jens Thommessen & Another, appellants.
Mr. John Chetwood for appellee.
*518 Mr. JUSTICE BRADLEY, after stating the case as reported above, delivered the opinion of the court.
These points are all disposed of in the previous case of The City of Norwich, except the question of interest. Were the libellants entitled to interest on the amount received from the strippings? In answering this question it must be borne in mind that this is not a question of debt, but of damages. The limitation of those damages to the value of the ship does not make them cease to be damages. The allowance of interest on damages is not an absolute right. Whether it ought or ought not to be allowed depends upon the circumstances of each case, and rests very much in the *519 discretion of the tribunal which has to pass upon the subject, whether it be a court or a jury. The record now laid before us contains no part of the pleadings or proceedings in the cause prior to the first decree of the Circuit Court. We are without any means of knowing the circumstances in the pleadings or the evidence upon which the court was called upon to act, except the bare facts stated in the finding of facts before referred to. The right to a limitation of liability seems to have been denied to the respondent from the beginning. If it offered to pay the value of the strippings into court in its discharge from liability, or desired to do so, it is evident that the court would not allow it to do so, and that the libellants resisted it with all their power. The respondent was obliged to wait till the decision of this court in March, 1882, before getting a declaration of its rights in the matter; and the first move afterwards made was the attempt of the libellants to change the whole form of the controversy by setting up the new claim to the insurance money received by the respondent. Without stopping to decide whether this amendment of the proceedings was lawfully allowed after the decision of this court, it is sufficient to say that the Circuit Court, so far as we have anything before us to show to the contrary, may have had very good reasons for not allowing interest on the value of the strippings. We are not disposed to disturb its decree in this respect.
The question relating to interest on the costs requires but brief examination. Costs in admiralty, as well as in equity, are in the discretion of the court. Benedict's Adm. § 549. Appeals in matter of costs only are not usually entertained; but when the entire case is before the appellate court, it has control of the subject of costs, as well as of the merits. Trustees v. Greenough, 105 U.S. 527; 2 Conk. Adm. Pr. 373. In the present case, the Circuit Court by its original decree, made in 1878, adjudged to the libellants their costs in the District Court, amounting to $2173.10. In March, 1882, we affirmed this part of the decree, but without interest. In affirming a decree in admiralty in this court, if interest is not expressly allowed, it is not included. Hemmenway v. Fisher, 20 How. *520 255. No interest on these costs, therefore, can be claimed up to the date of our decree. The new departure then taken by the libellants in claiming the insurance, opened the matter so as to postpone a final decree in the case in the Circuit Court until the decree now appealed from was made. This decree adjudges to the libellants their costs in the District Court precisely in accordance with our mandate. All delay in entering the decree was caused by the libellants themselves. If any interest was allowable on the costs in question, it would only have been that accruing from the date of our decree, March 20, 1882, to the time of rendering the decree appealed from, September 22, 1884. In view of the circumstances of the litigation which took place in that period, we do not think that the decree of the Circuit Court is open to objection.
Decree affirmed.
Mr. JUSTICE MATTHEWS, with whom concurred Mr. JUSTICE MILLER, Mr. JUSTICE HARLAN, and Mr. JUSTICE GRAY dissented. Their dissenting opinion will be found at page 526 post, after the opinion of the court in The Great Western.