### Petition of NAVIGAZIONE LIBERA TRIESTINA.

District Court, E. D. New York. July 23, 1929.

No. 11354.

See, also, 33 F.(2d) 967, 34 F.(2d) 152.

Single & Single, of New York City (Carroll Single, of New York City, of counsel), for claimants.

Burlingham, Veeder, Fearey, Clark & Hupper, of New York City (John L. Galey, of New York City, of counsel), for petitioner.

GALSTON, District Judge. This is a motion for an order directing the petitioner to assign to the commissioner and trustee appointed by the court, all rights of action, causes of action, claims, damages, and any and all rights representative of the steamer Salvore and her freight and all repair items, bills, or charges incurred before the loss of June 15, 1926, but unpaid or offset or withheld by the petitioner.

The petitioner filed an ad interim stipulation in the sum of $47,777.86, which is alleged to be the value of the ship and the pending freight after the fire of June 15, 1926. It is stated that the total claims exceed $300,000. Claimants, therefore, seek to discover any further interests available in the event that they secure an award herein.

It is claimed in the admiralty libels stayed by the limitation proceeding that the Navigazione Libera Triestina admitted that the fire and damage to the Salvore and her cargo occurred while the vessel was undergoing repairs which were undertaken under a contract with the Cantiera del Terrino of Genoa, an Italian corporation, and that there were many indications of negligence and liability on the part of the said Cantiera del Terrino.

The claimants contend that under the law of limited liability there must be included any subrogation or recovery received by the shipowner for damages which impaired the value of the ship or freight in relation to the accident involved in the proceeding.

The pertinent sections of the statute involved are the following:

(U. S. Code, title 46, § 183 [46 USCA § 183]) "The liability of the owner of any vessel, for any embezzlement, loss, or destruction, by any person, of any property, goods, or merchandise, shipped or put on board of such vessel, or for any loss, damage, or injury by collision, or for any act, matter, or thing, loss, damage, or forfeiture, done, occasioned, or incurred without the privity, or knowledge of such owner or owners, shall in no case exceed the amount or value of the interest of such owner in such vessel, and her freight then pending. (R. S. § 4283.)"

(U. S. Code, title 46, § 184 [46 USCA § 184]) "Whenever any such embezzlement, loss, or destruction is suffered by several freighters or owners of goods, wares, merchandise, or any property whatever, on the same voyage, and the whole value of the vessel, and her freight for the voyage, is not sufficient to make compensation to each of them, they shall receive compensation from the owner of the vessel in proportion to their respective losses; and for that pur-

pose the freighters and owners of the property, and the owner of the vessel, or any of them, may take the appropriate proceedings in any court, for the purpose of apportioning the sum for which the owner of the vessel may be liable among the parties entitled thereto. (R. S. § 4284; Feb. 27, 1877, c. 69, § 1, 19 Stat. 251.)"

(U. S. Code, title 46, § 185 [46 USCA § 185]) "It shall be deemed a sufficient compliance on the part of such owner with the requirements of this chapter relating to his liability for any embezzlement, loss, or destruction of any property, goods, or merchandise, if he shall transfer his interest in such vessel and freight, for the benefit of such claimants, to a trustee, to be appointed by any court of competent jurisdiction, to act as such trustee for the person who may prove to be legally entitled thereto; from and after which transfer all claims and proceedings against the owner shall cease. (R. S. § 4285.)"

The petitioner argues that the language of these sections is contrary to the claimants' contention, and that a cause of action, if it exists, in behalf of the petitioner against the Cantiera del Terrino, cannot properly be regarded as part of the limitation fund.

The petitioner seeks to distinguish O'Brien v. Miller, 168 U. S. 287, 18 S. Ct. 140, 42 L. Ed. 469, and Phillips v. Clyde Steamship Co., The Cynthia (C. C. A.) 17 F.(2d) 250, cases on which the claimants rely. Petitioner says that the rule to be derived from the former case is that where a vessel is wholly lost in a collision, and it is not possible under Rev. St. 4285 (46 USCA § 185) to surrender under the terms of the statute "such vessel," the owner can, nevertheless, obtain limitation, though there is no vessel in esse, by surrendering the proceeds which are to be regarded as "the legal equivalent and substitute for the ship." As to the latter case, the petitioner contends that the principle laid down therein is merely that the right of one vessel to recover against another for collision damages is peculiar, in that the claims or liens for such damages inhere in the property itself which is damaged, and would be included in the transfer of any such property.

It would seem, however, that the two cases cited are directly in point. Mr. Justice White, in O'Brien v. Miller, supra, wrote: "We conclude that the owner who retains the sum of the damages which have been awarded him for the loss of his ship and freight has not surrendered 'the amount or value' ([Rev. St.] section 4283 [46 USCA § 183]) of his interest in the ship; that he has not given up the 'whole value of the vessel' (section 4284 [46 USCA § 184]); that he has not transferred 'his interest in such vessel and freight' (section 4285 [46 USCA § 185]). It follows that the shipowner, therefore, in the case before us, to the extent of the damages paid on account of the collision, was liable to the creditors of the ship; and the libelants, as such creditors, were entitled to collect their claim, it being less in amount than the sum of such proceeds."

The same rule is adopted in Phillips v. Clyde Steamship Co., The Cynthia, supra, citing O'Brien v. Miller: "The first and fundamental issue in the case is whether the surrender of the owner's interest in a vessel, under limitation of liability, includes damages recovered by him against another vessel as the result of a collision. Appellees contend that the point has been decided by the Supreme Court in O'Brien v. Miller, 168 U. S. 287, 18 S. Ct. 140, 42 L. Ed. 469; appellant maintains that it has not. No question is made of the effect of the decision as requiring the surrender of a recovery for damages in case of a total destruction of a vessel. It is urged, however, that, since the vessel was not totally destroyed in this case, but was salvaged with an appraised value, when sunk, of $800, such sum should represent the total liability of the tug and its owner in the limitation of liability proceeding. It must be borne in mind that a court of admiralty in all matters within its jurisdiction functions as a court of equity, exercising a broad and liberal construction to the end that a conclusion may be reached which will be just to all the parties to the cause at issue. O'Brien v. Miller, supra; The Virgin, 8 Pet. 538, 8 L. Ed. 1036; Pope v. Nickerson, 3 Story, 486, Fed. Cas. No. 11274."

Opposed to these cases the petitioner cites The City of Norwich, 118 U. S. 468, 6 S. Ct. 1150, 30 L. Ed. 134. This case is, however, clearly distinguished by Mr. Justice White in O'Brien v. Miller, supra: "Nor does the ruling in The City of Norwich, supra, that the proceeds of an insurance policy need not be surrendered, by the shipowner, conflict with the decision in Sheppard v. Taylor [5 Pet. 675, 8 L. Ed. 269]. The decision as to insurance was placed on the ground that the insurance was a distinct and collateral contract which the shipowner was at liberty to make or not. On such question there was division of opinion among the writers on maritime law and in the various maritime codes. But as shown by the full review of the authorities, found in the opinion of the court,

and in the dissent in The City of Norwich, all the maritime writers and codes accord in the conclusion that a surrender, under the right to limit liability, must be made of a sum received by the owner, as the direct result of the loss of the ship, and which is the legal equivalent and substitute for the ship."

The petitioner also argues that the liability of the shipwright, since it could not be libeled in rem by the cargo owners in the same manner as the vessel and freight, is not a part of the limitation fund. Why this should be a test is not clear. Certainly, neither of the authorities cited, Liverpool, etc., Nav. Co. v. Brooklyn Eastern Dist. Terminal, 251 U. S. 48, 40 S. Ct. 66, 64 L. Ed. 130, or W. G. Mason (C. C. A.) 142 F. 913, supports that proposition.

Finally, petitioner argues that even if an unliquidated claim against the tort-feasor were made part of the limitation fund, there is no provision in the statutes for the enforcement or liquidation of such claim. It cannot be denied that there is no such explicit instruction in the statute; but the authority or power of the trustee to pursue liquidated claims is not denied, and if that be so, it is difficult to see why his power is not sufficiently embrasive to pursue unliquidated claims.

On the whole, therefore, it would seem that if the petitioner has any right of action against the shipwright it should be assigned to the trustee. Assuming that the shipwright was negligent and that his negligence led to the damage and destruction of the vessel and also to the cargo, the claim of the shipowner is just as truly "representative" of the ship as is a claim arising out of a collision. After all, collision is only a species of negligence; faulty repair work may be another species. In principle there should be no difference between the two species so far as the nature of the right is concerned.

To permit a shipowner to obtain reimbursement from a tort-feasor, and by the medium of the liability statute prevent that fund from going to the damaged cargo owners, would seem unconscionable.

Our Circuit Court of Appeals, in the 84-H, 296 F. 427, 431, asserted the Limited Liability Act "must be construed, not narrowly, but in a fair and liberal manner, to effectuate the evident intention of the Congress"; and Phillips v. Clyde Steamship Co., supra, to the same effect held that a court should not by narrow construction of the statute permit the shipowner to relieve himself of a liability and at the same time keep a portion of the collision damages recovered.

The claimants, in seeking to obtain a de-livery "of all books, records, papers, documents, contracts, correspondence, letters, memoranda, writings to and with the above," go beyond the relief to which they apparently are entitled. Nor is it necessary to obtain such relief by the present motion. The papers and documents referred to are, of course, in a proper case, subject to the usual and ordinary process of this court.

So also the relief seeking immediate hearings before the commissioner must be denied, inasmuch as an existing order of the court gives all the relief in that regard deemed to be necessary.

The motion is therefore granted in part as to the matters indicated. Submit order on notice.