## THE BLEAKLEY NO. 76.
## In re BLEAKLEY TRANSP. CO.

District Court, S. D. New York.

Feb. 8, 1932.

Frederick W. Park, of New York City, for libelant.

Barry, Wainwright, Thacher & Symmers, of New York City, for respondent.

Haight, Smith, Griffin & Deming, of New York City, for the Hustler.

Purdy & Purdy, of New York City, for the Bleakley No. 76.

MACK, Circuit Judge.

The real controversy between the parties to the disaster and the cargo owners (disregarding for the moment the insurers of the Bleakley) is this:

The Bleakley has been held entitled to half damages (probably some $3,700) as against the Hustler, both having been found jointly liable for the disaster. The cargo owner is entitled to a recovery of about $5,000 against both of them jointly and to collection of the entire amount against either, with a right of subrogation to one if it should pay the other's half share or any part thereof.

The net result as between the two vessels, subject to questions of costs, expenses, and interest and to limitation, is that the Hustler owes the Bleakley some $3,700, and that each owes the cargo owner some $2,500; therefore the Bleakley would ultimately get some $1,200 from the Hustler, and the Hustler, in addition to having to pay this, would have to pay the cargo owner some $2,500.

The Bleakley claims, however, that, because it has begun limitation proceedings, it can limit its liability, both as to cargo owner and Hustler, to the value of the vessel plus pending freight at the end of the voyage, and exclude therefrom its own claim of $3,700 against the Hustler. If this were so, the net result would be that the Hustler would have to pay the $3,700 less only the value of the vessel, and freight amounting in all to about $245, and, in addition thereto, would have to pay the entire $5,000 loss to the cargo owner.

The determination of which of these two, results is legally sound depends upon whether or not, in the limitation proceedings, the Bleakley has to bring in as part of the fund, in addition to the value of the vessel plus pending freight at the end of the voyage, its claim for the $3,700 against the Hustler.

In my judgment, the expressions in The City of Norwich, 118 U. S. 468, 6 S. Ct. 1150, 30 L. Ed. 134, and in the Livingstone, 130 F. 746 (C. C. A. 2d, 1904) as to certain rights not passing on a transfer of a vessel must be limited by the facts in those cases, and are not to be taken as intended to cover the situation presented in the matters before me. I say this because an insurance policy of the kind there in question is a contract of indemnity; further because in the case before me the tort claim against the Hustler arises out of the very disaster in respect to which the Bleakley seeks to limit its own liability. In these circumstances, I should be clear, in the absence of authority, that such a claim for damages follows the vessel and is to be deemed a

part thereof so far as the rights of the claimant in the limitation proceedings are concerned.

▪ There is, however, a C. C. A. decision sustaining this view, which, sitting in the District Court, I would feel myself bound to follow, even though it is of another circuit, unless I were entirely clear that it was manifestly erroneous. I refer to the case The Cynthia, 17 F.(2d) 250 (C. C. A. 4th). This decision was followed by Judge Galston in the Eastern District of New York in Petition of Navigazione Libera Triestina (D. C.) 34 F.(2d) 150. See, too, O'Brien v. Miller, 168 U. S. 287, 18 S. Ct. 140, 42 L. Ed. 469.

▪ It further follows from this reasoning that the intervening insurer, subrogated to the rights of the Bleakley, to which it paid some $4,800 as its damage, is subordinated to the claimants in the limitation proceedings. This is so because the insurer can get no more than the Bleakley itself is entitled to, and, inasmuch as Bleakley's entire rights, including the damage claims, are subject to the claims of the Hustler and the cargo owner, the insurer by subrogation is likewise subordinated to those claims.

▪ Another point of conflict between the two tort-feasors is as to whether or not reasonable legal expenses incurred by the Bleakley in the prosecution of its claim against the Hustler may be deducted from the half damages to which it is entitled against the Hustler, in fixing the amount to be considered in the limitation proceeding. On this point, likewise, I feel myself bound by the decision in The Cynthia. I do not mean to intimate any dissent from the views therein expressed on this point, although, if it were before me as a case of first impression, I should be somewhat doubtful of the result. Certainly, however, that doubt is not such as would justify me in failing to follow a decision of a Circuit Court of Appeals.

It follows, therefore, that in the final determination it will be the duty of the commissioner to report the reasonable legal expenses actually incurred by or on behalf of the Bleakley. They should be limited, however, to those incurred in the district court, in view of the fact that the appeal of the Hustler to the Circuit Court of Appeals was successful in establishing a half liability of the Bleakley.

▪ A further motion is to consolidate the two pending actions with the limitation proceedings. In so far as this can be done without prejudice to the substantive rights of any of the parties, it ought, in my judgment, to be done. The cases were heard together, they were appealed together, one opinion was written by the Circuit Court of Appeals, and, although as a matter of course, in the absence of consolidation, separate orders were then entered in each of the cases, there is such a real connection between them as in my judgment, to make consolidation desirable. The only interest that could be affected is that of the cargo owner if it were thereby delayed in the realization of its claim against the Hustler because of the pendency of the Bleakley's limitation proceeding. This interest can be protected, however, by providing that, despite the consolidation, a decree may be entered, after the filing of and the hearing on the special commissioner's report or of the agreement of the parties as to the amount to be awarded the cargo owner. Of course, the injunction in the limitation proceeding would have to be modified accordingly.

A further motion to dismiss the intervening petition is denied in that form. The intervener is the insurer of the Bleakley; intervention was granted without notice to the Hustler.

As under the views heretofore expressed, this intervener stands only in the shoes of the Bleakley and is entitled to protection only to enable it ultimately to obtain whatever the Bleakley may ultimately be found to be entitled to, the intervention may stand solely for this purpose as a notice to all parties of the intervener's rights; no answer to its petition will be required.

Decree may be entered covering these points on two days' notice.