## THE DONALD T. WRIGHT.
### No. 2.

District Court, W. D. Kentucky.
Dec. 28, 1939.

Woodward, Dawson & Hobson, of Louisville, Ky., for libellants.

Leo Sandmann, of Louisville, Ky., for Sewell Transp. Co. and The Donald T. Wright.

Trabue, Doolan, Helm & Stites and Thos. J. Wood, all of Louisville, Ky., for Boston Ins. Co.

MILLER, District Judge.

The libellants brought this action in admiralty against the steamboat "Donald T. Wright" in rem, and against its owner the Sewell Transportation Company in personam, for claims arising out of labor performed on the boat and for goods and merchandise furnished for the use of the boat at the request of the owner. The Boston Insurance Company was made a party respondent, the libel alleging that it had issued a policy of marine insurance in the amount of $6,000 protecting the steamboat "Donald T. Wright" against loss by fire, and that the steamboat had been destroyed by fire while the policy was in full force and effect, and asking that the insurance company be required to pay into court the sum which was owing to the Sewell Transportation Company by reason of this loss under its policy. The Boston Insurance Company filed exceptions to the libel on the ground that it stated no cause of action against it and that the libellants could not impress a lien by substitution upon the proceeds of the insurance.

The respondents, Steamboat "Donald T. Wright" and the Sewell Transportation Company, filed an answer to the libel and by separate paragraph made it a cross libel against the Boston Insurance Company, setting out the issuance of the insurance policy, the loss of the steamboat by fire while the insurance was in full force and effect, and asking that the Boston Insurance Company be required to pay into the registry of the court the proceeds due the Sewell Transportation Company by reason of its loss under the policy. The Boston Insurance Company filed exceptions on the ground that it set up new and distinct matters not involved in the issues raised by the original libel, and that the question of liability under the policy of insurance was in dispute and was being litigated in a declaratory judgment suit filed in the Federal Court by the Boston Insurance Company prior to the filing of the cross libel.

The action is now before the court on the exceptions of the Boston Insurance Company to both the libel and to the cross libel.

It is of course unquestioned that the libellants have an action in rem in admiralty against the steamboat "Donald T. Wright" for the value of the labor and materials furnished by them to the boat. It is also true that they have an action in personam against the Sewell Transportation Company who contracted with them for the furnishing of the labor and materials in question. But they have no action in personam against the Boston Insurance Company, and any liability which the insurance company has by reason of its policy of insurance covering the steamboat "Donald T. Wright" is to the Sewell Transportation Company, its insured. The only way in which the libellants could properly bring the insurance company into the action would be to substitute for their lien against the steamboat the proceeds from the insurance covering the steamboat. The libellants claim that this is permissible under Admiralty Law and rely upon the decisions of the Supreme Court in the cases of Sheppard v. Taylor, 5 Pet. 675, 8 L.Ed. 269, and O'Brien v. Miller, 168 U.S. 287, 18 S.Ct. 140, 42 L.Ed. 469 as supporting their position. The Boston Insurance Company relies upon the case of the City of Norwich, 118 U.S. 468, 6 S.Ct. 1150, 30 L.Ed. 134, and subsequent decisions following the rule expressed in that case, in support of its contention that the lien against the boat can not be extended to cover the insurance proceeds. The cases referred to, and their respective rulings, are not in conflict. In the case of Sheppard v. Taylor, supra, the King of Spain seized the vessel "Warren", imprisoned the crew and condemned the vessel and its cargo. Subsequently the crew was permitted to return to the United States and the King ordered the proceeds to be repaid to the owners. The seamen proceeded against the owners by libel for their wages and were permitted to have their lien against the boat attach to the proceeds which had been paid to the owners as compensation for the illegal seizure of the boat. In that case the court said "the lien will follow the ship and its proceeds into whosoever hands they may come by title or purchase from the owner." In the case of O'Brien v. Miller, supra, the steamboat "Johnson" was required to put into port for repairs. The master executed a bottomry bond to meet the expenses of the repairs, which bound the boat, its cargo and freight. The Johnson collided at sea with a British vessel and was sunk with a total loss. The owners of the Johnson libeled the British vessel and recovered judgment for the value of the vessel. The consignors and the con-

signees of the original cargo of the Johnson filed an action to recover from the owners of the Johnson their share of the sum paid on the bottomry bond, and the court held that the owners of the Johnson, to the extent of the damages paid on account of the collision, were liable to the libellants as creditors of the ship. In both of these cases the owners of the ship had a claim against others arising out of the operation of the ship and wrongful acts done to it. In such cases a creditor's lien against the ship attaches to the proceeds which are recovered by reason of such a claim for damages. In the case of the City of Norwich, supra, the vessel took fire and sank with loss of cargo but was subsequently raised and repaired. The owners of her cargo filed a libel against the boat and against the owner. The owner claimed limitation of liability to the value of his interest in the ship and freight as provided under the Act of 1851, 9 Stat. 635, which permitted the owner of any vessel to limit his liability for damages to the value of his interest in the vessel and her freight then pending. The libellants claimed that in order for the owner to take advantage of this statute he must surrender the insurance which he collected from the insurance company by reason of the sinking of the vessel. The court held that insurance placed by the owner was no part of the owner's interest in the ship or freight within the meaning of the law, and that the owner did not have to surrender the proceeds of such insurance in order to take advantage of the limitation of liability. The opinion pointed out that the proceeds from the insurance was by reason of an independent contract and was a matter entirely collateral to the owner's interest in the vessel, the owner's interest in the vessel remained the same regardless of whether insurance had been taken out or not, and that the taking of insurance was optional with the owner as additional protection. This ruling has been followed by many cases, a few of which are Butler v. Boston & Savannah S. S. Co., 130 U.S. 527, 9 S.Ct. 612, 32 L.Ed. 1017; Craig v. Continental Insurance Co., 141 U.S. 638, 12 S.Ct. 97, 35 L.Ed. 886; A. M. Bright Grocery Co. v. Lindsey, D. C., 225 F. 257; Phillips v. Clyde S. S. Co., 4 Cir., 17 F.2d 250; The Princess Sophia, 9 Cir., 61 F.2d 339; and Walsh v. Tadlock, 9 Cir., 1939, 104 F.2d 131. The opinion in the case of Phillips v. Clyde S. S. Co., supra, [17 F. 2d 252] discusses and distinguishes the City

of Norwich case from the other two, pointing out that the decision in the City of Norwich case "was based upon the well-recognized rule that the contract of insurance does not attach itself to the thing insured or go with it when transferred," but "the rule is otherwise as to claims for damages to a vessel by reason of a collision; these claims inhering in the property itself, and being included in the transfer of interest therein." The opinion in Walsh v. Tadlock, supra, states the rule very briefly as follows [104 F.2d 132]: "With the total destruction of the vessel the liens thereon were of necessity extinguished. 38 C.J. 1247. These liens did not attach to the proceeds of the insurance, nor did appellants' lien on the boat per se entitle them to participate in the division of the insurance money."

In view of the foregoing authorities the court is of the opinion that the lien of the libellants against the steamboat "Donald T. Wright" did not attach to the proceeds of insurance which might be payable by the Boston Insurance Company to the Sewell Transportation Company, which liability is however denied by the insurance company, and accordingly the exceptions of the Boston Insurance Company to the libel should be sustained and the libel dismissed as to said insurance company.

The right of the respondents to file a cross libel against the Boston Insurance Company is controlled by Rule 56 of the Admiralty Rules, 28 U.S.C.A. following section 723. This provides in part as follows: "In any suit, whether in rem or in personam, the claimant or respondent (as the case may be) shall be entitled to bring in any other vessel or person (individual or corporation) who may be partly or wholly liable either to the libellant or to such claimant or respondent by way of remedy over, contribution or otherwise, growing out of the same matter." It is evident that any claim which the Sewell Transportation Company has against the Boston Insurance Company for the loss of the steamboat "Donald T. Wright" by fire is by reason of the contract of insurance. This is a transaction entirely separate and distinct from any of the claims which the libellants have against the steamboat or the transportation company. The claims of the libellants and the claim of the cross libellants do not grow out of the same matter as is required by Rule 56. The cross

libel is not therefore authorized in this action. In addition, at the time when the cross libel was filed there was already pending in the District Court for the Western District of Kentucky a civil action filed by the Boston Insurance Company against the Sewell Transportation Company under the Federal Declaratory Judgment Act, 28 U.S.C.A. § 400, to determine the question of liability or non-liability under the insurance policy in question. The insurance company is entitled to have this question tried and determined as a separate issue, and having raised the issue by a separate action it should not be required to abandon that action merely because the Sewell Transportation Company wishes to have the matter disposed of in a subsequent and different litigation. The exceptions of the Boston Insurance Company to the cross libel are sustained, and the cross libel is dismissed without prejudice as to said insurance company.