## STANDARD FIRE INS. CO. v. BOYCE-HARVEY MACHINERY, Inc. et al.

### No. 14331.

United States Court of Appeals,
Fifth Circuit.

March 30, 1953.

Benjamin W. Yancey, New Orleans, La. (Terriberry, Young, Rault & Carroll, New Orleans, La., of counsel), for appellant.

John W. Sims, George B. Matthews and Selim B. Lemle, New Orleans, La., Lemle & Kelleher, New Orleans, La., (Phelps, Dunbar, Marks & Claverie, New Orleans, La., of counsel), for appellees.

Before HUTCHESON, Chief Judge, and STRUM and RIVES, Circuit Judges.

STRUM, Circuit Judge.

The determinative question here presented is wholly one of procedure under Admiralty Rule 56, 28 U.S.C.A.

Boyce-Harvey Machinery, Inc., owner of the yacht "Sea Cat," brought a libel *in personam* against appellant Standard Fire Insurance Company, which had insured the yacht against hull damage. The libel alleges that the owners delivered the yacht to Louisiana Shipbuilding Corporation for hull repairs which necessitated hauling out the vessel, and that during the hauling out operation the "cradle" of the marine railway broke, dropping the vessel and damaging her hull and keel. Libellant seeks a money recovery against appellant, its insurer, to cover the damage.

Proceeding under that portion of Admiralty Rule 56 quoted in the margin,[1] appel-

---

1. "In any (admiralty) suit * * *, the claimant or respondent * * * shall be entitled to bring in any other vessel or person * * * who may be partly or wholly liable either to the libellant or to such claimant or respondent by way of remedy over, contribution or otherwise, growing out of the same matter."

lant sought below, but was denied, leave to implead the shipyard as the actual perpetrator of the damage, and its liability insurer, as persons liable over to appellant by subrogation for any sums appellant was required to pay libellant on account of damage to the yacht, which damage appellant asserted was due to the negligence of the shipyard, for which it would be liable to the yacht owner.

Appellant here urges that the "matter" out of which both claims arise is the damage to the yacht, without which there would be no claim against anyone, so that libellant's claim against appellant, and appellant's claim against the shipyard and its liability insurer, grow out of the same matter, within the meaning of Rule 56.

We agree with appellant that the rule is designed to save expense and to avoid the duplication of trials. But we can not agree with appellant's contention that libellant's claim against appellant, and appellant's claim against the shipyard, grow out of the "same" matter. Damage to the yacht is an essential element of each controversy, but it does not follow from that circumstance that liability in each instance grows out of the same matter. The original libel asserts a claim growing out of the alleged breach of a contract of insurance between libellant and appellant. The impleader asserts a claim growing out of the alleged negligent performance by the shipyard of its contract to repair the yacht, a wholly different subject matter giving rise to a wholly different controversy between appellant and the shipyard, with which the original libellant is not concerned. Whether or not appellant is liable on its contract of insurance, and whether or not the shipyard is guilty of negligence, are two entirely different matters, dependent for solution upon different facts and different principles of law, and probably involving a different measure of recovery. We regard these, not merely as two separate causes of action, but as two independent "matters." To combine them in the same action would complicate rather than simplify, would delay rather than speed the termination of the litigation, would be of doubtful value as an economy measure, and would operate prejudicially to the original libellant.

Under the original libel, the only issue is the extent of damage to the yacht, liability under the policy being admitted. No question of negligence is involved. Into this relatively simple controversy, appellant seeks to implead the shipyard and its liability insurer, asserting that the shipyard was negligent, which the shipyard does not admit, and which, if denied, will produce a substantial controversy of fact and law on that issue. With this controversy the original libellant is not concerned. It would be unduly burdensome upon the insured yacht owner, and beyond the contemplation of the rule, to involve the owner in a protracted controversy between appellant and the shipyard on the extraneous question of negligence, and thus enable appellant to postpone settlement with its assured upon an admitted liability until after determination of appellant's controversy with the shipyard.

Admiralty Rule 56 does not contemplate an impleader in the circumstances here presented. The exceptions thereto were properly sustained. Compare The Donald T. Wright, D.C., 30 F.Supp. 610, and Lee's Inc., v. Transcontinental Underwriters, D.C., 9 F.R.D. 470, the latter construing Fed. Rules Civil Proc. Rule 14 (a), 28 U.S. C.A., relating to third party practice. Jones v. Waterman, 3 Cir., 155 F.2d 992, also decided under Civil Rule 14(a), and strongly relied upon by appellant, is not decisive of the question here presented, though it undertakes, *arguendo*, to analogize Civil Rule 14 to Admiralty Rule 56. Nor do we regard the other cases cited by appellant as decisive of the question here presented.

Appellant also asserts that the district judge should have granted its motion to stay proceedings in the district court until the determination of this appeal, but that is discretionary and we find no abuse. There was no application here to stay the proceedings. The judgment appealed from is

Affirmed.