See also 175 F.Supp. 302.

---

### SOUTHATLANTIC NAVIGATION CORPORATION, Libellant,

v.

### UNITED STATES of America, Respondent (North American Continental Company, Inc., Olin Mathieson Chemical Corporation, Massachusetts Bonding and Insurance Company, Respondents-Impleaded).

United States District Court
S. D. New York.

Feb. 16, 1959.

Taylor, Scoll & Simon, New York City, for Olin Mathieson Chemical Corp., respondent-impleaded.

Macklin, Speer, Hanan & McKernan, New York City, for Mass. Bonding & Ins. Co., respondent-impleaded.

WEINFELD, District Judge.

This is a motion by Massachusetts Bonding and Insurance Company for an order to dismiss the impleading petition filed against it.

The libel was instituted against the United States of America to recover damages to libellant's vessel due to grounding while tied up to a pier. It alleges that the respondent, United States of America, charterer of the ves--

sel, is liable because of unsafe berthing and breach of a warranty contained in the charter.

The United States of America filed impleading petitions against North American Continental Company, Inc. and Olin Mathieson Chemical Corporation which had entered into certain agreements whereby they were to supply superphosphates which were to be shipped on board the chartered vessel. In substance, the impleading petitions allege that the damage to the chartered vessel was caused by the impleaded respondents' negligence in failing to designate a safe berth.

Thereafter Olin Mathieson, one of the respondents impleaded, filed a petition under Admiralty Rule 56, 28 U.S.C.A., impleading Massachusetts Bonding and Insurance Co. The substance of the claim against the Massachusetts Bonding and Insurance Co. is a policy issued by it to Olin Mathieson under which the insurer agreed to pay "all sums which the insured shall become legally obligated to pay as damages because of injury to or destruction of property * * * caused by accident" and its refusal to undertake the defense of this action on Mathieson's behalf. The refusal is based on the ground that Olin Mathieson failed to give notice of the accident or claim within a reasonable time.

The claim by Olin Mathieson against its insurer is far removed from the basic issue involved in libellant's suit against the United States, as charterer, and the latter's claim against the respondents impleaded, based upon their alleged unsafe and negligent berthing of the vessel. The claim advanced against the insurance company is breach of an insurance contract and is not one "growing out of the same matter" as the negligent berthing claims or breach of the charter party.

As stated in a somewhat analogous situation, "whether or not appellant is liable on its contract of insurance, and whether or not the shipyard is guilty of

negligence, are two entirely different matters, dependent for solution upon different facts and different principles of law * * * ".[1]

A careful reading of The Canadian Farmer,[2] cited by Olin Mathieson, shows that rather than supporting its position, it is authority to the contrary.

The exceptions are sustained and the petition impleading Massachusetts Bonding and Insurance Co. is dismissed.

Settle order on notice.

---

1. Standard Fire Ins. Co. v. Boyce-Harvey Machinery Co., 5 Cir., 202 F.2d 871, 872.

