ROYAL INSURANCE
COMPANY, Plaintiff,

v.

CATHY DANIELS, LTD., Defendant.

CATHY DANIELS, LTD.,
Third-Party Plaintiff,

v.

ALEXANDER & ALEXANDER, INC.,
and American Coverage Corp.,
Third-Party Defendant.

No. 85 Civ. 8665 (RWS).

United States District Court,
S.D. New York.

Sept. 4, 1987.

Hill, Rivkins, Carey, Loesberg, O'Brien & Mulroy, New York City, for plaintiff.

Blodnick, Pomeranz, Schultz & Abramowitz, P.C., Lake Success, N.Y., for defendant and third-party plaintiff; Jules A. Epstein, of counsel.

Wilson, Elser, Moskowitz, Edelman & Dicker, New York City, for third-party defendants; James M. Kaplan, of counsel.

## OPINION

SWEET, District Judge.

Third-party defendants Alexander & Alexander and American Coverage Corp. (collectively "A & A") have moved for an order pursuant to Fed.R.Civ.P. 14(c) for leave to commence a fourth-party action against Total Maintenance, Inc. ("Total") and Cowan Sportswear, Inc. ("Cowan"). Defendant and third-party plaintiff Cathy Daniels, Ltd. ("Daniels") opposes A & A's motion on the grounds that the purported fourth-party action is unrelated to the underlying claims already before the court. Upon the following facts and conclusions, A & A's motion is denied.

**Prior Proceedings**

Plaintiff Royal Insurance Company ("Royal") commenced this suit under the court's admiralty and maritime jurisdiction for a declaratory judgment nullifying an insurance policy it had issued to Daniels in April 1985 on the grounds that it was procured through material misrepresentations and inadequate disclosure. Daniels answered and counterclaimed for, *inter alia*, compensatory damages of approximately $200,000 for losses it had suffered in June 1985 and which it believed were covered by its insurance policy with Royal. A year later, this court granted leave to Daniels to commence a third-party action against A & A, Daniels' insurance broker, alleging that if any misrepresentations were made to Royal causing avoidance of the policy and thereby rendering Daniels uninsured, such

misrepresentations were attributable to the negligence and breach of contract of A & A acting as Daniels' broker. The losses apparently resulted from hijackings which took place while the goods were in the custody of the putative fourth party defendants Total and Cowan.

### Rule 14(c) and Fourth Party Complaint

Fed.R.Civ.P. 14(c) provides in relevant part that "the defendant ... as a third-party plaintiff, may bring in a third-party defendant who may be wholly or partly liable, either to the plaintiff or to the third-party plaintiff ... on account of the same transaction, occurrence, or series of transactions or occurrences." In the event more than ten days have passed since the defendant's answer to the complaint was served and filed, the defendant must obtain leave of the court before serving and filing the third-party complaint. The question whether such leave should be granted in a particular case is addressed to the sound discretion of the trial court. *Rosario v. Amalgamated Ladies' Garment Cutters' Union, Local 10*, 605 F.2d 1228, 1247 (2d Cir.1979), *cert. denied*, 446 U.S. 919, 100 S.Ct. 1853, 64 L.Ed.2d 273 (1980).

Rule 14 was "designed to eliminate multiple and repetitive lawsuits and trials by allowing for a single presentation of evidence when multiple claims turn upon identical or similar proof." *Sirota v. Solitron Devices, Inc.*, 97 F.R.D. 732, 736 (S.D.N.Y. 1983). Judicial economy under the rule is served, of course, only when "the defendant's right against the third party is merely the outgrowth of the same aggregate or core of facts which is determinative of the plaintiff's claim." *Dery v. Wyer*, 265 F.2d 804, 807 (2d Cir.1959). Further, while some courts have held that Rule 14 requires that "the claim of liability to the defendant and third-party plaintiff accrue only upon a finding of defendant's liability to the plaintiff on the main claim," *Index Fund, Inc. v. Hagopian*, 417 F.Supp. 738, 744 (S.D.N.Y. 1976), at a minimum the rule requires more than a tenuous relationship between the liability of the third-party and the outcome of the main claim. *Old Republic Insurance Co. v. Concast, Inc.*, 99 F.R.D. 566, 569 (S.D.N.Y.1983).

Here, the requirements for impleader under Rule 14 have not been met. The proposed fourth-party defendants, Total and Cowan, are the respective bailees of two shipments of merchandise that were hijacked in June 1985 and represent by far the greatest proportion of the losses for which Daniels seeks reimbursement from Royal. The hijackings, however, and any negligence on the part of Cowan and Total stand alone as separate and distinct incidents that are far removed from the "core of facts" that underlie the insurance policy coverage and procurement issues of the main claims. Similarly, resolution of the legal issues in the main claims will not effect any liability of the bailees, Total and Cowan, irrespective of the outcome of the main claims here present. As stated in a somewhat analogous case involving former Admiralty Rule 56, "[w]hether or not appellant is liable on its contract of insurance, and whether or not the shipyard is guilty of negligence, are two entirely different matters, dependent for solution upon different facts and different principles of law...." *Standard Fire Ins. Co. v. Boyce-Harvey Machinery, Inc.*, 202 F.2d 871, 872 (5th Cir.1953).

To permit impleader of the proposed fourth-party action would complicate rather than simplify and would delay rather than speed termination of the litigation. Accordingly, A & A's motion is denied.

IT IS SO ORDERED.