O'NEAL v. UNITED STATES.

(District Court, E. D. New York. August 24, 1925.)

No. 7942.

United States ⚖=125—Suit against the United States for injury to employee on public vessel held not authorized (Act Sept. 7, 1916 [Comp. St. §§ 8932a–8932uu]; Act March 3, 1925 [Comp. St. Supp. 1925, §§ 1251¾—1 to 1251¾—10]).

Act March 3, 1925 (Comp. St. Supp. 1925, §§ 1251¾—1 to 1251¾—10), authorizing suit in admiralty against the United States for damages caused by or for towage or salvage services rendered to public vessels, was not intended to overturn the established policy of the government (which by Act Sept. 7, 1916 [Comp. St. §§ 8932a–8932uu], created the United States Employees' Compensation Commission, and provided for payment of compensation to its injured employees), and permit its

employees to bring action for damages received on government ships in the course of their employment, even were injury from explosion of a shell on the vessel "caused by" the vessel.

Decree affirmed, 11 F.(2d) 871.

Silas B. Axtell, of New York City, for libelant.

Ralph C. Greene, U. S. Atty., of Brooklyn, N. Y.

CAMPBELL, District Judge. This is an action in admiralty, alleged to have been brought under the Public Vessels Act of March 3, 1925 (Comp. St. Supp. 1925, §§ 1251¾—1 to 1251¾—10), by a seaman on the United States Coast Guard ship Seneca, to recover damages alleged to have been caused to the libelant while in the performance of his duty, by the explosion of a shell which was in the hands of the gunner's mate, and comes before this court on exceptions filed by the respondent to the libel filed herein.

So much of the Act of March 3, 1925, as is necessary for consideration in the case at bar reads as follows:

"An act authorizing suits against the United States in admiralty for damage caused by and salvage services rendered to public vessels belonging to the United States, and for other purposes.

"Section 1. That a libel in personam in admiralty may be brought against the United States, for a petition impleading the United States, for damages caused by a public vessel of the United States, and for compensation for towage and salvage services, including contract salvage, rendered to a public vessel of the United States: Provided, that the cause of action arose after the 6th day of April, 1920."

The respondent excepts on the following grounds:

"First. The Act of Congress of March 3, 1925, known as the Public Vessels Act, does not authorize a suit against the United States, in admiralty, for personal injuries sustained by a seaman employed on board a public vessel.

"Second. The Act of Congress of March 3, 1925, known as the Public Vessels Act, does not authorize a suit against the United States, in admiralty, for personal injuries sustained by a seaman employed on board a public vessel of the United States and engaged in the performance of his duties."

The purpose of this act seems to me to be clearly shown by the title and provisions of the act not to include damages for personal injuries sustained by a seaman aboard the ship, and this is further shown in the report of the chairman of the committee, Mr. Edmonds, who submitted the bill, H. R. 9335, to Congress and said:

"The chief purpose of this bill is to grant private owners of vessels and of merchandise a right of action when their vessels or goods have been damaged as a result of a collision with any government owned vessel, though engaged in public service, without requiring an application to Congress in each particular instance for the passage of a special enabling act."

To construe this act as applying to seamen injured on a government owned vessel, it seems to me would be contrary to the well established policy of the government, which has created the United States Employees' Compensation Commission to meet such conditions, and provided for the payment of compensation to its injured employees. Act Sept. 7, 1916, c. 458, 39 Stat. 742 (Comp. St. §§ 8932a–8932uu). I can find no decisions of our courts construing the words "caused by a public vessel."

The Admiralty Court Act (1861), 24 Vict. c. 10, extending the jurisdiction of the High Court of Admiralty, provides by section 7 that the said court shall have jurisdiction over any claim for damage done by any ship, whether within the body of a country or upon the high seas, and that act has been construed in The Vera Cruz, 5 Asp. 270, at p. 273, in which Brett, Master of the Rolls, said:

"It seems to me that the claim is for damage where the ship is the acting instrument of the damage. If you read the section in that way, it comes to this: 'Shall have jurisdiction over any cause of action, which cause of action is damage done physically by a ship.' If that be so, the claim is for damages arising out of a cause of action, which cause of action is a physical injury done to something by the ship. I am not prepared to say that it is confined to damage done to property. I am not prepared to say that, if by mismanagement of a ship her bowsprit or some other part of her were to strike a man on his person and injure him, that would not be damage done by a ship within the meaning of this section. It clearly does not apply to damage done to a man in a ship, but to dam-

age done by a ship, where, as I say, the ship itself is the physical instrument by which the injury is done, and where the cause of action is the physical injury."

Of course, it is true, as urged by libelant, that, in actions in rem against the ship for injuries received by those on board, such injuries are charged to the ship; but to my mind Congress by this enactment clearly did not intend to overturn the government's established policy, and permit its employees to bring actions for damages received on government ships in the course of their employment, but did intend by the use of the words "caused by a public vessel" the same meaning, restricted only to a public vessel, which the English courts gave to the words "done by any ship." The exceptions are therefore sustained.

A decree may be entered, dismissing the libel, but without costs.