**HASELDEN v. UNITED STATES. EGBERT v. SAME. DOBSON v. SAME.**

District Court, E. D. New York. November 28, 1927.

Nos. 10653, 10654, 10656.

**United States ⊶125(1)—Suit in admiralty cannot be maintained against United States for death of naval officers, caused by collision while serving on naval vessel (Public Vessels Act 1925 [46 USCA §§ 781–790]).**

Public Vessels Act 1925 (46 USCA §§ 781–790; Comp. St. §§ 1251¾–1 to 1251¾–10) does not authorize suit in admiralty against the United States for death of or injury to naval officers, caused by collision, while serving on a naval vessel.

In Admiralty. Suits by Lawrence B. Haselden, executor of the will of James Dudley Haselden, Jr., deceased, by Tempa Russell Egbert, administratrix of the estate of Edmund Webster Egbert, deceased, and by Goldye M. Dobson, administratrix of the estate of Rodney Hiram Dobson, deceased, against the United States, as owner of the submarine S-51. Exceptions to libels sustained, and libels dismissed.

Bigham, Englar & Jones, of New York City (T. Catesby Jones and W. J. Nunnally,

Jr., both of New York City, of counsel), for libelants.

William A. De Groot, U. S. Atty., of Brooklyn, N. Y., and Horace M. Gray, Sp. Asst. U. S. Atty., of New York City.

CAMPBELL, District Judge. These are motions for an order overruling exceptions filed on behalf of the respondent in each of the above-entitled suits in admiralty, and, as they were briefed together by the proctors for the respective parties and the facts are the same in each case, one opinion will suffice.

The deceased were officers of the United States Navy, on duty on the United States submarine S–51, a public vessel of the United States, employed and operated by the Navy Department thereof, who lost their lives while in the performance of their duty, as the result of a collision between the steamship City of Rome and said submarine S–51. These actions are brought under the Public Vessels Act, approved March 3, 1925 (Comp. St. Supp. 1925, §§ 1251¾–1 to 1251¾–10 [46 USCA §§ 781–790]), which, in so far as it is necessary for consideration on this motion, reads as follows:

"An act authorizing suits against the United States in admiralty for damage caused by and salvage services rendered to public vessels belonging to the United States, and for other purposes.

"Section 1. That a libel in personam in admiralty may be brought against the United States, or a petition impleading the United States, for damages caused by a public vessel of the United States, and for compensation for towage and salvage-services, including contract salvage, rendered to a public vessel of the United States: Provided, that the cause of action arose after the 6th day of April, 1920.

"Section 2. * * * Such suits shall be subject to and proceed in accordance with the provisions of an act entitled 'An act authorizing suits against the United States in admiralty, suits for salvage services, and providing for the release of merchant vessels belonging to the United States from arrest and attachment in foreign jurisdictions, and for other purposes,' approved March 9, 1920, or any amendment thereof, in so far as the same are not inconsistent herewith, except that no interest shall be allowed on any claim up to the time of the rendition of judgment unless upon a contract expressly stipulating for the payment of interest."

The respondent excepts, on the ground that this court is without jurisdiction to entertain this action. Counsel for libelants have thoroughly briefed these cases in their endeavor to distinguish them from the decision of this court in O'Neal v. United States, 11 F.(2d) 869, which was affirmed without opinion by the Circuit Court of Appeals, 11 F.(2d) 871; but I am still of the opinion that, as to those on duty on board the submarine S–51, the damages were not caused by a "public vessel of the United States," as those words are used in the statute, and for all the reasons stated in the opinion in O'Neal v. United States, supra, except that, of course, the United States Employees' Compensation Act, September 7, 1916, c. 458, 39 Stat. 742 (Comp. St. §§ 8932a, 8932aa [5 USCA §§ 751, 752]) does not apply, but the well-established policy of the government is shown in the pension laws (U. S. Code, tit. 38, §§ 191, 192; 44 Stat. pt. 1, p. 1201 [38 USCA §§ 191, 192]).

The motion for an order overruling the exceptions is denied, and the exceptions are sustained, and the libels dismissed in each case, without costs.