# STATE OF MAINE v. UNITED STATES.

## THE ILEX.

### No. 1567.

District Court, D. Maine, S. D.
May 12, 1942.

Frank I. Cowan, Atty. Gen., and Nathan W. Thompson, of Portland, Me., for libellant.

Francis M. Shea, Asst. Atty. Gen., John D. Clifford, Jr., U. S. Atty., and E. J. Harrigan, Asst. U. S. Atty., both of Portland Me., for the United States.

PETERS, District Judge.

This is a libel in personam brought by the State of Maine against the United States of America, as owner of a vessel used as a lighthouse tender, to recover damages for injury to the State bridge across the Kennebec River at Bath, caused by the vessel's running into the bridge.

The libellant claims the right to bring this action under the provisions of the Public Vessels Act of March 3, 1925, U.S.C.A., Title 46, § 781 et seq., section 781 of which is as follows: "A libel in personam in admiralty may be brought against the United States, or a petition impleading the United States, for damages caused by a public vessel of the United States, and for compensation for towage and salvage services, including contract salvage, rendered to a public vessel of the United States: Provided, That the cause of action arose after the 6th day of April, 1920."

The United States denies that the act referred to gives this court jurisdiction in a case such as stated and has moved to dismiss.

Without such a statute this court would have no jurisdiction for two reasons, (a) because admiralty jurisdiction in this country has never included cases of damage by vessels to land structures like wharves and bridges, and (b) because the Sovereign could not be sued without its consent.

The United States admits that it has waived immunity to suit, in cases cognizable in admiralty, where damage has been caused by its public vessels, but denies that it has gone farther; contending that the Public Vessels Act was only to enable vessel owners, or others who have suffered damage from the operation of public vessels, to go into court unhampered by the fact that the Sovereign was the owner of the vessel alleged to be at fault,—except that the libel must be in personam.

The libellant contends that the language of the act enlarges admiralty jurisdiction to include any case of damage by a public vessel, whether or not the case would be cognizable in admiralty if between private parties.

Hence the question is whether a libel in personam in admiralty will now lie against the United States for damages caused by one of its public vessels, where it would not lie in the case of a private vessel.

The books seem to have no case deciding this precise point.

The act granting jurisdiction must be strictly construed and any doubt must be resolved in favor of the Government.

The court in Phalen v. United States, 2 Cir., 32 F.2d 687, said: "The Public Vessels Act grants jurisdiction against public vessels which had been theretofore denied. Such a grant of jurisdiction must be clearly shown, and doubt as to the construction of the provisions of the statute granting the same will be resolved in favor of the government."

Statutes extending the right to sue the Government will be strictly construed. Blackfeather v. United States, 190 U.S. 368, 23 S.Ct. 772, 47 L.Ed. 1099; United

States v. Sherwood, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058.

■ The Public Vessels Act of 1925 and the Suits in Admiralty Act of 1920, U.S.C. A., Tit. 46, Ch. 20, § 741 et seq., relating to libels against government vessels used as merchant vessels or tugboats, should be construed together as part of the same legislative scheme, and the Act of 1925 is tied into the Act of 1920 by express references. There is nothing in the earlier act which makes the Government liable where private owners would not be liable; in fact, there is an express provision to the contrary, and no reason is apparent why the Government should give greater rights against itself in the case of its vessels used as public vessels.

That there is no difference in this respect is indicated in some decisions cited by counsel for the Government. Coastwise Transportation Corp. v. United States, D. C., 43 F.2d 401. United States v. Neptune Line, 4 Cir., 12 F.2d 568. Haselden v. United States, D.C., 24 F.2d 529.

■ It is quite clear from the background and history of the legislation in Congress that there was no intention by the act in question to give rights of action against public vessels in cases not previously cognizable in admiralty against private vessels, the purpose of the act being only to remove the defense of sovereign immunity.

It appears from extracts of reports of Committees of the Congress and from other statements made in the course of the passage of the legislation that it was intended by the act to give to private shipowners the same rights against the Government that they had against each other and to authorize actions against the United States of the type cognizable in admiralty between private parties. Prior to the passage of the act private acts were constantly being passed to give individual shipowners such rights. The report of the Senate Committee on the proposed legislation stated that:

"The chief purpose of this bill is to grant private owners of vessels and of merchandise a right of action when their vessels or goods have been damaged as the result of a collision with any Government-owned vessel, though engaged in public service, without requiring an application to Congress in each particular instance for the passage of a special enabling act.

"The bill, in principle, is simply a substitute for the practice, long established, of passing special bills, under which private owners have been allowed *to submit to our admiralty courts admiralty claims* of this character." Report No. 941, Calendar No. 1009, 68th Congress, 2d. Session, Public Document 8388). (Emphasis supplied.)

Prior to the passage of the act vessel-owners came to Congress in large numbers for private legislation authorizing them to pursue their rights in admiralty against public vessels as if they were privately owned.

■ Congress has also impliedly construed this act by subsequent legislation. In 1927, L. Pickert Fish Company filed a libel in admiralty against the United States in the District Court of Massachusetts. The libel purported to be brought under the Public Vessels Act of 1925 for damages done to a wharf of the libellant by a vessel of the Coast Guard; the same situation as here. Exceptions to the libel were filed by the United States on the ground that no libel in admiralty would lie under the Public Vessels Act for damage to a land structure. The case was not pressed further. Instead, a private act was passed by Congress in 1928 permitting the L. Pickert Fish Company to maintain an action at law to recover its damages. The report of the Committee on this private act shows that it considered it necessary to be passed for the reason that the claimant had no remedy under the Public Vessels Act. In the opinion of the Department of Justice rendered to the Committee on Claims approving the bill, it was stated: "The libel was filed in admiralty under authority of the Public Vessels Act of March 3, 1925. As damages to a wharf do not come within the admiralty jurisdiction, exceptions were filed to the libel seeking dismissal. It is definitely settled that admiralty does not have jurisdiction over causes of action of this kind and the proposed legislation permits an action at law to be filed."

Other instances have been pointed out by counsel showing that the practice by Congress of passing private acts for the relief of owners of land structures, suffering damage by public vessels, continued to be followed, showing that Committees of Congress have not considered the Public Vessels Act to be applicable to such cases.

On the whole, it is so apparent that Congress in passing the act in question had no intention of enlarging admiralty jurisdic-

tion to cover damage by vessels to land structures; nor of diminishing the rights of the Government except as to immunity to suit; that I feel obliged to reject the contention of the libellant and dismiss the suit. Judgment will be rendered accordingly.