## STATE OF MAINE v. UNITED STATES.
### No. 3854.

Circuit Court of Appeals, First Circuit.
March 27, 1943.

Nathan W. Thompson, of Portland, Me. (Frank I. Cowan, of Portland, Me., on the brief), for appellant.

J. Frank Staley, Sp. Asst. to Atty. Gen., (Francis M. Shea, Asst. Atty. Gen., Allan B. Lutz, of Washington, D. C., and John D. Clifford, U. S. Atty., and Edward J. Harrigan, Asst. U. S. Atty., both of Portland, Me., on the brief), for appellee.

Before MAHONEY and WOODBURY, Circuit Judges, and SWEENEY, District Judge.

WOODBURY, Circuit Judge.

On August 14, 1941, the State of Maine filed a libel in personam in admiralty against the United States, as owner of the Coast Guard Tender Ilex, "in a cause of collision civil and maritime". In this suit the State seeks to recover for damages which it alleges it sustained on August 17, 1939, when the above named vessel ran into one of the piers of a state-owned highway bridge spanning the Kennebec River at Bath. The United States Attorney for the District of Maine, appearing specially for the libellee, moved to dismiss on the ground of lack of jurisdiction. The district court granted this motion and the libellant thereupon appealed.

The State in its brief "admits at the outset that as the damage was to a bridge, which is generally termed a land structure, the Admiralty Court would not have jurisdiction if the vessel in question had been privately owned." But it contends that Congress by the Public Vessels Act of March 3, 1925, 46 U.S.C.A. § 781,[1] specifically granted jurisdiction in admiralty over suits against the United States for all damages caused by public vessels, including damages to structures on land.

The court below in its opinion took the position that the above Act, being one granting jurisdiction over suits against the United States, should be strictly construed. Then, construing the Act in the light of its legislative history and in connection with the Suits in Admiralty Act of 1920, 46 U.S.C.A. Ch. 20 § 741 et seq., which it said was "part of the same legislative scheme", it concluded that Congress had no intention "by the Act in question to give rights of action against 'public vessels in cases not previously cognizable in admiralty against private vessels, the purpose of

the Act being only to remove the defense of sovereign immunity." We agree.

Counsel for the State of Maine argue that the court below erred in its approach to the problem of statutory interpretation. They say in their brief that "If the expressed language of a statute is clear, the court is not interested in the intent of Congress. It is the court's duty to enforce the statute in accordance with its expressed terms." Then they go on to say that "The Act is clear to the effect that anyone damaged by a public vessel of the United States may sue the United States to recover for such damage."

Counsel misstate their major premise. In construing any statute courts are always primarily interested in the intention of the legislature which passed it. This is the fundamental rule to be applied in construing any statute whether its words are clear or not. The case cited in the State's brief establishes the rule that when the words of a statute are so clear that there can be no doubt as to their meaning, then courts are not at liberty to look beyond those words in search of some legislative intention not therein expressed, but this is by no means to say that in construing such a statute the courts are not interested in the intention of the enacting legislature. The Supreme Court clearly stated the rule in the case relied upon by counsel for the appellant, (Caminetti v. United States, 242 U.S. 470, 490, 37 S.Ct. 192, 196, 61 L.Ed. 442, L.R.A.1917F, 502, Ann.Cas.1917B, 1168) as follows: " * * * when words are free from doubt they must be taken as the final expression of the legislative intent, and are not to be added to or subtracted from by considerations drawn from titles or designating names or reports accompanying their introduction, or from any extraneous source. In other words, the language being plain, and not leading to absurd or wholly impracticable consequences, it is the sole evidence of the ultimate legislative intent."

So we turn to the Act to see if its words are plain and free from doubt. By its plain words it permits the bringing of a libel in personam in admiralty against the United States for damages caused by

---

[1] "A libel in personam in admiralty may be brought against the United States, or a petition impleading the United States, for damages caused by a public vessel of the United States, and for compensation for towage and salvage services, including contract salvage, rendered to a public vessel of the United States: *Provided*, That the cause of action arose after the 6th day of April, 1920."

a public vessel of the United States. This is abundantly plain, but Congress did not see fit to define the scope of the word "damages" or the scope of the phrase "in admiralty". Under these circumstances courts in search of meaning may look beyond the bare words themselves. United States v. Dickerson, 310 U.S. 554, 561, 562, 60 S.Ct. 1034, 84 L.Ed. 1356, District of Columbia v. Murphy, 314 U.S. 441, 449, 62 S.Ct. 303, 86 L.Ed. 329. That is what the court below did when it interpreted the Public Vessels Act in its context and in the light of its legislative history. In view of the authorities it committed no error in so doing.[2]

Since we are of the opinion that the court below adopted the correct method in reaching its conclusion, and since that court expressed its conclusion in a full, thorough and carefully reasoned opinion which has been reported (D.C., 45 F.Supp. 35) and with which we agree, we see no reason to recapitulate its reasoning here.

The decree of the District Court is affirmed.

[2] See Harrison v. Northern Trust Co., 63 S.Ct. 361, 363, 87 L.Ed. ——, decided by the Supreme Court on January 11, 1943, in which the court, citing United States v. American Trucking Ass'ns, 310 U.S. 534, 543, 544, 60 S.Ct. 1059, 84 L. Ed. 1345, said: "But words are inexact tools at best and for that reason there is wisely no rule of law forbidding resort to explanatory legislative history no matter how 'clear the words may appear on "superficial examination." ' "