**MEJIA et ux. v. UNITED STATES.**

**No. 700.**

District Court, E. D. Louisiana,
New Orleans Division.

Nov. 13, 1944.

John D., M. A. & Edwin H. Grace, of New Orleans, La., for libelants.

Herbert W. Christenberry, U. S. Atty., of New Orleans, La., and L. V. Cooley, Jr., Asst. U. S. Atty., of Slidell, La., for respondent.

BORAH, District Judge.

This action was brought against the United States under the Public Vessels Act and the Suits in Admiralty Act by libelants Rudolph Mejia and Elvidia Naquin, wife of Rudolph Mejia, to recover damages for the death of their two minor children resulting from a collision between an army tug and a private vessel, which collision allegedly occurred in the Mississippi River in the State of Louisiana on October 12, 1942. The present libel was filed on February 16, 1944.

To this libel respondent has excepted on the ground that the libel was not filed within one year from the death of the minor children as required by Article 2315 of the Louisiana Civil Code.

The Public Vessels Act of March 3, 1925, U.S.C.A. Title 46, § 781 et seq., and the Suits in Admiralty Act of 1920, U.S.C.A. Title 46, Chap. 20, § 741 et seq., relating to libels against government vessels used as merchant vessels or tugboats, should be construed together as part of a plan to give the same right of recovery against the government for damages caused by public vessels as may be had against private owners for damages caused by private vessels. United States v. Caffey, 2 Cir., 141 F.2d 69; State of Maine v. United States, D.C., 45 F.Supp. 35; Id., 1 Cir., 134 F.2d 574, certiorari denied 319 U.S. 772, 63 S.Ct. 1437, 87 L.Ed. 720.

These acts like any others that waive sovereign immunity from suits should be strictly construed in favor of, not strictly construed against, the interests of the United States. United States v. Clyde-Mallory Lines, 5 Cir., 127 F.2d 569, affirmed 317 U.S. 395, 63 S.Ct. 294, 87 L.

Ed. 355. State of Maine v. United States, supra.

Article 2315 of the Louisiana Civil Code, as amended and re-enacted by Louisiana Act No. 159 of 1932, creates a right of action for death in favor of certain designated beneficiaries, specifically named, and provides that "* * * the right of this action shall survive * * * for the space of one year from the death."

The Supreme Court of Louisiana has held that the right of action given by the above statute is conditioned upon its being exercised within a year from the time of death. Goodwin v. Bodcaw Lumber Co., 109 La. 1050, 1066, 34 So. 74; see Thompson v. Gallien, 5 Cir., 127 F.2d 664.

When the present libel was filed, long after the one year period, the right of action in libelants no longer existed.

Even if the one year limitation of Article 2315 be considered one of prescription and not of peremption, the purpose of the two year period provided in the Suits in Admiralty Act, 46 U.S.C.A. § 745, was to limit not to extend rights of action. There is no apparent reason why the government should give greater rights against itself in the case of its vessels used as public vessels than exist against private owners. Indeed, the Suits in Admiralty Act, U.S.C.A. Title 46, § 742, expressly provides that a libel in personam may be brought against the United States only "in cases where if such vessel were privately owned or operated, * * *, a proceeding in admiralty could be maintained at the time of the commencement of the action herein provided for."

The exception to the libel is maintained and the libel dismissed.