### THE NORTH RIVER.

### ARUNDEL CORPORATION v. UNITED STATES.

#### No. A 16842.

District Court, E. D. New York.

Nov. 16, 1944.

Foley & Martin, of New York City (Christopher E. Heckman, of New York City, of counsel), for libelant.

T. Vincent Quinn, U. S. Atty., of Brooklyn, N.Y. (Max Taylor, of New York City, of counsel), for respondent.

MOSCOWITZ, District Judge.

Libelant excepts to the sufficiency of Article "Fifteenth" of respondent's answer. The libel was for damage caused by the P. T. 43, a public vessel of the United States, and is concededly filed pursuant to the Public Vessels Act, Mar. 3, 1925, c. 428, 43 Stat. 1112, 46 U.S.C.A. § 781 et seq. Article "Fifteenth" sets forth in answer and as a separate defense that the P. T. 43 was lost prior to the time when the libel was filed and that, therefore, "the subject-matter of this suit is not within the jurisdiction of this court."

The issue resolves itself into a question heretofore seemingly not decided, namely, whether a federal District Court may adjudicate a claim against the United States where the public vessel which caused the damage is no longer in existence at the time the libel is filed. If this suit were between private parties it would clearly be one cognizable in admiralty and the court would have jurisdiction over the subject-matter by virtue of Section 24(3) of the Judicial Code, 28 U.S.C.A. § 41 (3). This distinguishes the case of State of Maine v. United States, D.C., 45 F.Supp. 35, affirmed 1 Cir., 134 F.2d 574, certiorari denied 319 U.S. 772, 63 S.Ct. 1437, 87 L.Ed. 1720, where the claim was for damage to a stationary bridge and thus not cognizable in admiralty entirely aside from the Public Vessels Act.

Here the United States is the respondent and since the government enjoys an immunity from suit unless it has consented to be sued (United States v. Sherwood, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058), the Act of Congress which purports to confer the right to sue presently asserted must be examined for the existence of jurisdiction. The Public Vessels Act grants jurisdiction where none existed prior thereto. It is settled beyond dispute that the government is entitled to strict construction in its favor of any statute waiving sovereign immunity. Canadian Aviator, Ltd. v. United States, 3 Cir., 1944, 142 F.2d 709; State of Maine v. United States, supra; Phalen v. United States, 2 Cir., 1929, 32 F.2d 687.

If the Congress had authorized relief for damage caused by a public vessel

based upon principles of in rem liability alone, the government could be held responsible only to the extent of the value of the vessel at the time the libel was filed. Thus, there would be no liability if the vessel were lost prior to the filing of the libel. But it appears to be clear that the statute subjected the government to in personam liability in those cases to which it applies, a principle which respondent does not seriously dispute, its contention being that the statute does not apply to this case.

Section 781 of the Public Vessels Act provides: "A libel in personam in admiralty may be brought against the United States * * * for damages caused by a public vessel of the United States * * *."

Section 782 of the same Act, captioned in part "Venue of suit", provides: "Such suit shall be brought in the district court of the United States for the district in which the vessel or cargo charged with creating the liability is found within the United States, or if such vessel or cargo be outside the territorial waters of the United States, then in the district court of the United States for the district in which the parties so suing, or any of them, reside or have an office for the transaction of business in the United States; or in case none of such parties reside or have an office for the transaction of business in the United States, and such vessel or cargo be outside the territorial waters of the United States, then in any district court of the United States. Such suits shall be subject to and proceed in accordance with the provisions of chapter 20 of this title or any amendment thereof, insofar as the same are not inconsistent herewith, except that no interest shall be allowed on any claim up to the time of the rendition of judgment unless upon a contract expressly stipulating for the payment of interest."

The government urges that, under a strict construction of this statute, jurisdiction of the court rests and depends on one of only two conditions, viz., that the vessel be "found within the United States" or that it be "outside the territorial waters of the United States" and that a vessel which has been lost does not come within either category. The conclusion is urged that no jurisdiction exists.

■ Jurisdiction and venue are two different concepts and respondent appears to confuse them. "Jurisdiction" connotes the power to hear and decide a matter on its merits, while "venue" relates exclusively to the locality of the law suit and, though it be defined by legislation, it primarily concerns the convenience of the litigants. Neirbo Co. v. Bethlehem Shipbuilding Company, Ltd., 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167, 128 A.L.R. 1437; Graver Tank & Mfg. Corp. v. New England Terminal Co., 1 Cir., 1942, 125 F.2d 71; Edgewater Realty Co. v. Tennessee Coal, Iron & Railroad Co., D.C., 49 F.Supp. 807; 44 Words and Phrases, Perm.Ed., page 122.

■ Jurisdiction of this court over the subject-matter, i.e., the power to adjudicate the claim under the libel, is found in the two statutes previously mentioned. Section 24(3) of the Judicial Code confers upon the federal District Court general jurisdiction over all suits in admiralty. Any qualification which sovereign immunity imposes is removed by Section 781 of the Public Vessels Act, which imposes in personam liability upon the government, thus leaving the District Court with unhampered jurisdiction over the subject-matter. The Congressional intent in the adoption of the Public Vessels Act is indicated in the report of the Committee on Claims of the House of Representatives dated January 6, 1925 (No. 913, 68th Congress, 1st Sess., cited in Canadian Aviator, Ltd. v. United States, supra, at page 711 of 142 F.2d, which states: "The chief purpose of this bill is to grant private owners of vessels and of merchandise a right of action when their vessels or goods have been damaged as the result of a collision with any Government-owned vessel, though engaged in public service, without requiring an application to Congress in each particular instance for the passage of a special enabling act." See also Phalen v. United States, supra.

■ There is no indication that Congress had in mind a reservation of immunity where the offending vessel was, for any one of a number of possible reasons, not in existence when the libel for the damage she caused was filed. If the vessel could be found within the United States, Section 782 requires the suit to be brought, as a matter of convenience to the government, in the district in which she was found. The purpose of the requirement is the same as in all venue statutes. Where private litigants are involved, experience indicates which venue will be most convenient and this place may be legislated as the proper locality for the law suit. When

the government is a party, its convenience is the concern of venue provisions in legislative enactments. If the vessel is not within the United States and the government will therefore suffer no inconvenience, the statute provides that if a claimant had a place of business in the United States, the suit shall be brought in the district where the business is located. If no claimant has a place of business in this country, a catch-all provision permits suit in any District Court. Here the public vessel is not to be found within the United States but the libelant has a place of business in this district and this court is the proper venue under the statute for the suit.

It is well settled that a suit may be maintained against the United States under the Suits in Admiralty Act, Mar. 9, 1920, 41 Stat. 525, 46 U.S.C.A. § 741 et seq., even though the offending vessel be a total loss. Eastern Transportation Co. v. United States (Snug Harbor), 272 U.S. 675, 47 S. Ct. 289, 71 L.Ed. 472. That statute imposes in personam liability upon the United States for damages caused by merchant vessels. No reason is perceived for recognizing any different rule in the case of damages caused by a public vessel for which liability is imposed by similar provisions in the Public Vessels Act. In fact the last provision of Section 782 of the Public Vessels Act specifically incorporates so much of the Suits in Admiralty Act as is not inconsistent therewith. The respondent's suggestion of inconsistency is illusory.

The exceptions to article "Fifteenth" of the answer are sustained.

Settle order on notice.