## CARSLUND v. UNITED STATES.

### No. 25478.

United States District Court
N. D. California, S. D.
Jan. 19, 1950.

Melvin M. Belli, San Francisco, Cal., Van H. Pinney, San Francisco, Cal., for libelant.

Frank J. Hennessy, U. S. Atty., San Francisco, Cal., C. Elmer Collett, Asst. U. S. Atty., San Francisco, Cal., for respondent.

HARRIS, District Judge.

Libelant, employed by an independent contractor to perform work on a United States vessel docked at Fort Mason, was allegedly scalded by hot water and steam which struck his body while he was performing repairs on the main feed pump of the vessel, "General John Pope". He seeks to recover damages from the United States.

Libelant alleges jurisdiction under the Suits in Admiralty Act, 46 U.S.C.A. § 742, and the Public Vessels Act, 46 U.S.C.A. § 781. Respondent excepts to the libel on the ground that libelant commenced suit more than one year after the alleged injury and is therefore barred by laches from proceeding against the United States.

The Government concedes libelant's right to bring his action under the Suits in Admiralty Act, but denies that this court has the authority to grant relief under such act or under the Public Vessels Act.

■ At the outset it should be noted that the Suits in Admiralty Act provides the exclusive remedy in admiralty against the United States for an individual situated in the position of libelant. See generally U. S. v. Marine, 4 Cir., 155 F.2d 456; Piascik v. U. S., D.C., 65 F.Supp. 430; Fink v. Shepherd Steamship Company, Or., 192 P.2d 258; Murray v. American Export Lines, D.C., 53 F.Supp. 861. Such is the holding in numerous recent decisions notwithstanding Seas Shipping Co., Inc.; v. Sieracki, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099. The application of the Public Vessels Act to stevedores has not been extended. Lynch v. U. S., 2 Cir., 163 F.2d 97; Guerrini v. U. S., 2 Cir., 167 F.2d 352; Armento v. U. S., D. C., 74 F.Supp. 198.

■ Granting libelant's right to commence his action under the Suits in Admiralty Act, the question arises as to whether his right of recovery is barred by laches as contended for by respondent. If the vessel involved in the present action had been privately owned and operated, California Code of Civil Procedure, § 340(3), which is a one-year statutory period, would have precluded libelant from recovery. This statute of limitations is the basis for determining laches under the Suits in Admiralty Act. McGrath v. Panama Railway Co., 5 Cir., 298 F. 303; Mejia v. U. S., D.C. 57 F.Supp. 1015, affirmed 5 Cir., 152 F.2d 686, certiorari denied 328 U.S. 862, 66 S.Ct. 1366, 90 L.Ed. 1632; California Casualty Indem. Exchange v. U. S., D.C., 74 F.Supp. 401; The Kermit, 76 F.2d 363; Gayner v. The New Orleans, D.C., 54 F.Supp. 25.

■ Under Title 46 U.S.C.A. § 746, the United States is entitled to the benefits of all exemptions and of all limitations accorded by law to owners, charterers, operators, or agents of vessels. Accordingly, respondent is authorized to invoke the one-year statute of limitations provided for in C.C.P. § 340(3). Since libelant commenced his action more than one year after the alleged accident occurred he is precluded from proceeding against the United States unless he is able to establish a valid basis for his delay in instituting his libel. Curtis v. U. S.,[1] No. 25171-G; Cardiel v. U. S.,[1] No. 25371-G.

In accordance with the ruling in the two last cited cases,

It is ordered that the exceptions to the libel be sustained with leave granted libelant to amend his libel in order to set forth, if he be so advised, adequate reason for delaying the filing of the libel beyond the state prescriptive period of one year.

[1] No opinion for publication.