Harold S. BROWN, Libelant-Appellee,

v.

UNIVERSAL MARINE COMPANY, Claimant of the TUG BAYOU BARATARIA, her engines, etc., Cross-Libelant-Appellant.

No. 15059.

United States Court of Appeals Sixth Circuit.

May 22, 1963.

---

H. Barton Williams, New Orleans, La. (William S. Stone, Deutsch, Kerrigan & Stiles, New Orleans, La., Armistead F. Clay, Fitzhugh, Clay & Hodges, Memphis, Tenn., on the brief), for appellant.

George W. Yrider, Burch, Porter & Johnson, Memphis, Tenn., for appellee.

Before CECIL, Chief Judge, PRETTYMAN,* Senior Circuit Judge, and MILLER, Circuit Judge.

PER CURIAM.

The libelant, Brown, owned a marina on the bank of the Tennessee River near Saltillo, Tennessee, consisting mainly of a houseboat and a cafe mounted on a barge. He filed this libel in rem in admiralty, alleging that the Tug Bayou Barataria, proceeding downstream without a tow was negligently handled so as to create a wave wash and suction, which caused severe damage to libelant's marina.

The claimant of the Tug filed a cross-libel against Brown, which alleged that the libelant approached the Tug in another vessel and, with malice and force, pointed a shotgun at the Tug, her master and crew, and forcibly boarded the Tug, causing her to shut down her engines and halt and delay her navigation to her damage in the amount of $250.00. The cross-libel asked punitive damages for armed trespass in the amount of $12,-000.00.

The libelant filed exceptions to the cross-libel on the ground that the things complained of in the cross-libel did not arise from the same cause of action as the libel.

The District Judge sustained the exceptions and dismissed the cross-libel without prejudice to the cross-libelant to file a new cause of action based upon the allegations of the cross-libel in any suitable jurisdiction.

We are of the opinion that it was not error for the District Judge to so rule. The cause of action asserted in the cross-libel is based on facts not involved in the cause of action asserted in the libel and which occurred subsequent to the acts on which the libel is based. Rules 50 and 56, Admiralty Rules; United States v. Isthmian Steamship Co., 359 U.S. 314, 320–323, 79 S.Ct. 857, 3 L.Ed. 2d 845; Standard Fire Ins. Co. v. Boyce-Harvey Machinery, 202 F.2d 871, C.A. 5th; United Transportation & Lighterage Co. v. New York & Baltimore Transp. Line, 185 F. 386, C.A.2nd; George D. Emery Co. v. Tweedie Trading Co., 143 F. 144, 146, S.D.N.Y.; The Donald T. Wright, 30 F.Supp. 610, 612, W.D.Ky.

The judgment is affirmed.

* Sitting by designation from the District of Columbia Circuit.