Michael **GIANELLA**, Petitioner,

v.

Edward **KEELS**, Respondent.

No. 66–851–Civ–CA.

United States District Court
S. D. Florida,
Miami Division.

Nov. 17, 1966.

Jerry Larotonda, Warren D. Hamann, of Dixon, DeJarnette, Bradford, Williams, McKay & Kimbrell, Miami, Fla., for defendant.

Robert K. Estes, of Davis & Estes, Miami, Fla., for counterclaimant.

William A. Meadows, Jr., U. S. Atty., and Michael J. Osman, Asst. U. S. Atty., Miami, Fla., for the Government.

## OPINION

ATKINS, District Judge.

A Petition for Rehearing brings before this Court a question of first impression in this District. Whether or not the United States Government can remove a state court action under Title 28, U.S.C., § 2679(d) on the basis of a counterclaim filed in the action sets the limits of analysis.

This question arises in context of the following facts. A United States postal employee commenced an action in a state circuit court wherein he sought the recovery of money damages for injuries he sustained as the result of the defendant's alleged negligence. The defendant, a private citizen, asserted a counterclaim alleging that the plaintiff, while acting within the scope and course of his employment, was negligent. Proceeding under Title 28, U.S.C., § 2679(d), the government petitioned this Court to permit the removal of the action.

There would be no question relative to the removability of the action had the defendant been the employee of the Federal Government. An acceptance of the suit by the Federal District Court, embracing the district in which the action was commenced, would leave no room for doubt as to the propriety of removal. Must a mere change in the chronology in which the parties assert their respective claims foreclose the assumption of jurisdiction by this Court? This ques-

tion which determines the ultimate result in the case is answered in the negative.

In order to understand the meaning of the questions presented one must advert to the language of the statutes in question.

■■ In speaking to the removal of a Federal Tort Claims Act, Title 28, U.S.C., § 2679(d) provides:

"Upon a certification by the Attorney General that the *defendant* employee was acting within the scope of his employment at the time of the incident out of which the suit arose, any such civil action or proceeding commenced in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place wherein it is pending and the proceedings deemed a tort action brought against the United States under the provisions of this Title and all references thereto * * *" [Emphasis added.]

Subsection (b) of that statute is not consonant, however, with the above quoted provisions of subsection (d) when viewed in terms of the facts presented. It is therein provided that:

"The remedy by suit against the United States as provided by section 1346 (b) of this title for damage to property or for personal injury, including death, resulting from the operation by any employee of the Government of any motor vehicle while acting within the scope of his office or employment, shall hereafter be exclusive of any other civil action or proceeding by reason of the same subject matter against the employee or his estate whose act or omission gave rise to the claim."

Thus, on the one hand, only a "defendant" employee may remove a state court action pursuant to Title 28, U.S.C., § 2679(d) while the private citizen's claim against the tortfeasor, upon a certification by the Attorney General that the defendant employee was acting within the scope of his employment, becomes one exclusively against the United States Government. Yet, the counterclaim against the plaintiff employee may well be held improper since the claim cannot proceed in the State court as one coming under the Federal Tort Claims Act. Jurisdiction in the latter class of cases is originally reposed in the Federal District Courts. Title 28, U.S.C., § 1346 (b). Such is the anomalous position in which the defendant is placed. Unless the cause is removed, two trials may result; one involving the main action in the State court, and the other involving the counterclaim in the Federal District Court. Both claims, for obvious reasons, should be tried together. Neither case law, controlling or otherwise, nor positive evidence of Congressional intent dictate that a different result must obtain.

In order to remedy this anomalous result, this Court is of the opinion that a plaintiff employee against whom is asserted a counterclaim fulfills the requirements of Title 28, U.S.C., § 2679(d). Jurisdiction is therefore present and the United States Government is substituted as a party defendant to the defendant's counterclaim.

In considering what disposition is to be made of the plaintiff's claim insofar as the question of removal is concerned, this Court places reliance upon Title 28, U.S.C., § 1441(c) as it was applied in answer to a similar question presented in Van Dorn v. Hoffman, 221 F.Supp. 285 (E.D.Ill., 1963). Title 28, U.S.C., § 1441(c) provides:

"Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."

It would be difficult to imagine a set of facts more worthy of permitting the removal of the entire cause than those presented in the instant case.

An Order has been entered in accordance with this Opinion.